UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| ERIC ROOT and MARIAN ROOT, on behalf of themselves and others similarly situated, | Civil Action No.: 3:21-cv-00273 |
| Plaintiffs, | COMPLAINT--CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| MERCHANTS' CREDIT GUIDE CO., | |
| Defendant. | |

**Nature of the Action**

1. Eric Root and Marian Root (together, "Plaintiffs") bring this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of West Virginia consumers whose private, consumer debt-related information Merchants' Credit Guide Co. ("Defendant") disclosed to an unauthorized third party, in connection with the collection of their debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain

a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," provides that—

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

8. These third-party mail vendors use information provided by debt collectors—such as the consumer's name, address, the name of the creditor to whom the debt is allegedly owed,

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited April 30, 2021).

2

the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

9. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

10. Upon information and belief, Defendant routinely provides protected information regarding consumer debts to third-party mail vendors, in connection with the collection of a debt, that are not authorized to receive such information, in violation of the FDCPA.

11. Plaintiffs seek relief on behalf of all similarly situated West Virginia consumers who received debt collection letters from Defendant, but which were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

12. Plaintiffs are natural persons who at all relevant times resided in Cabell County, West Virginia.

13. Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14. Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due, arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, personal credit cards (the "Debts").

15. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a debt collector with principal offices in Cook County, Illinois.

17. Defendant bills itself as a "trusted partner in revenue recovery since 1896."[2]

---

[2] https://merchantscreditguide.com/ (last visited April 30, 2021).

18. More specifically, Defendant "is a licensed, third-party collection agency" that has "[o]perat[ed] out of Chicago for over 120 years" to "help[] companies recover outstanding debt by working with consumers to understand their overdue debt and mak[e] arrangements with them to resolve the debt."[3]

19. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

23. Defendant identified itself as a debt collector to Plaintiffs in its correspondence to them.

### Jurisdiction and Venue

24. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

25. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district.

---

[3] https://merchantscreditguide.com/mcg-faq.php (last visited April 30, 2021).

**Factual Allegations**

26. On or about January 11, 2021, Defendant caused a written communication to be sent to Mrs. Root in connection with the collection of her debt.

27. A redacted copy of the January 11, 2021 communication to Mrs. Root is attached as Exhibit A.

28. The January 11 letter disclosed the account balance of Mrs. Root's debt. Ex. A.

29. The January 11 letter also identified the creditor to whom Defendant alleged the debt was owed, as well as Mrs. Root's home address. *Id*.

30. The January 11 letter identified additional information regarding Mrs. Root's debt, including the account number. *Id*.

31. The January 11 letter identified Defendant as a debt collector and stated: "This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

32. Defendant did not print the January 11 letter.

33. Rather, Defendant, in connection with the collection of a debt, provided information regarding Mrs. Root and her debt, including Mrs. Root's name, address, the amount of her debt, and other private details regarding her debt, to a third-party mail vendor.

34. The third-party mail vendor then printed the January 11, 2021 communication that was sent to Mrs. Root.

35. The third-party mail vendor mailed the January 11, 2021 communication that was sent to Mrs. Root.

36. The return address on the January 11 communication does not match Defendant's address.

37. The return address on the January 11 communication includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party mail vendor.

38. Defendant does not maintain an office in Oaks, Pennsylvania.

39. RevSpring maintains an office in Oaks, Pennsylvania and offers comprehensive print and mail services.[4]

40. RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[5]

41. RevSpring also advertises partnerships with "industry-leading associations," including The Association of Credit and Collection Professionals (also known as ACA International).[6]

42. RevSpring markets itself as having "[s]tate-of-the-art address processing and return mail services . . . ."[7]

43. Further, on or about January 18, 2021, Defendant caused a written communication to be sent to Mr. Root in connection with the collection of his debt.

44. A redacted copy of the January 18, 2021 communication to Mr. Root is attached as Exhibit B.

---

[4] https://revspringinc.com/about/ (last visited April 30, 2021).

[5] *Id.*

[6] *Id.*

[7] https://revspringinc.com/healthcare/products/print-mail/production/ (last visited April 30, 2021).

45. The January 18 letter disclosed the account balance of Mr. Root's debt. Ex. B.

46. The January 18 letter also identified the creditor to whom Defendant alleged Mr. Root's debt was owed, as well as Mr. Root's home address. *Id.*

47. The January 18 letter also identified additional information regarding Mr. Root's debt, including the account number. *Id.*

48. The January 18 letter identified Defendant as a debt collector and stated: "This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.*

49. Defendant did not print the January 18 letter.

50. Rather, Defendant, in connection with the collection of a debt, provided information regarding Mr. Root and his debt, including his name, address, the amount of the debt, and other private details regarding the debt, to a third-party mail vendor.

51. The third-party mail vendor then printed the January 18, 2021 communication that was sent to Mr. Root.

52. The third-party mail vendor mailed the January 18, 2021 communication that was sent to Mr. Root.

53. Like the January 11 letter sent to Mrs. Root, the return address on the January 18 communication to Mr. Root does not match Defendant's address.

54. As in the January 11 letter to Mrs. Root, the return address on the January 18 communication includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring.

55. Neither Mrs. Root nor Mr. Root consented to Defendant communicating with RevSpring in connection with the collection of their respective alleged debts.

56.     Neither Mrs. Root nor Mr. Root consented to Defendant communicating with any third-party mail vendor in connection with the collection of their respective alleged debts.

## Class Action Allegations

57.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a West Virginia address (b) to which Merchants' Credit Guide Co. sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

58.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

59.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

60.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

61.     The class is ascertainable because it is defined by reference to objective criteria.

62.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

63.     The class satisfies Rules 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the class.

64.     To be sure, Plaintiffs' claims and those of the members of the class originate from the same practice utilized by Defendant—the sending of personal, private information regarding their alleged debts to a third-party mail vendor—and Plaintiffs thus possess the same interests and have suffered the same injuries as each member of the class.

65. Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

66. Plaintiffs have no interests that are contrary to or in conflict with the members of the class that they seek to represent.

67. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

68. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

69. There will be no unusual difficulty in the management of this action as a class action.

70. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

71. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of actual damages and statutory penalties; and

      f.   the availability of attorneys' fees and costs.

72.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)

73.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 72 above.

74.    Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

75.    By communicating with a third-party mail vendor regarding Plaintiffs' Debts, including by disclosing, among other things, the existence of the Debts, the amounts owed, Plaintiffs' home address, and their alleged creditors, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

76.    The harm suffered by Plaintiffs is particularized in that the illegal communications related to their personal alleged debts.

77.    And the violation of Plaintiffs' right not to have their private information shared with third parties is a concrete injury sufficient to confer standing.

78.    To be sure, the harm Plaintiffs allege here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

79. As a result of the sharing of their private information in connection with the January 11 and 18 letters, Plaintiffs are embarrassed and distressed by the disclosure of their sensitive financial details.

80. Furthermore, Defendant's debt collection conduct also created a material risk of harm to the concrete privacy interests Congress was trying to protect in enacting the FDCPA.

81. A consumer whose private information concerning sensitive financial topics is shared with third parties is likely to suffer embarrassment, stress, or anxiety about such disclosure, as Plaintiffs felt here.

82. Additionally, by communicating with a third party in connection with the collection of the Debts, Defendant harmed Plaintiffs by invading their privacy.

83. That is, by communicating with a third party in connection with the collection of the Debts, Defendant harmed Plaintiffs by disclosing private facts about them.

**WHEREFORE**, Plaintiffs respectfully request relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiffs and the class;

F. Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs are entitled to, and hereby demand, a trial by jury.

Dated: April 30, 2021            Respectfully submitted,

/s/ Matthew P. Stapleton
Matthew P. Stapleton (WVSB # 12334)
STAPLETON LAW OFFICES
400 5th Avenue
Huntington, WV 25701
Tel: (304) 529-1130
matt@stapleton-law.com

Jesse S. Johnson*
Florida Bar No. 69154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiffs and the proposed class*

\* to seek admission *pro hac vice*